# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:18-CR-00054-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEREMIAH AARON WYLIE,<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's *pro se* motion for compassionate release and appointment of counsel pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 33). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Jesup – Low[1] and that, due to his medical conditions, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus. He also argues that the primary caregiver of his children is sick and he needs to be released. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant states that he only suffers from a body mass index (BMI) over 30. (Doc. No. 33 at 5). Defendant does not attach any medical records. Being overweight while in prison is not a reason to be released.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Jesup – Low currently has zero inmates and zero staff with confirmed active cases of COVID-19. There have been 2 inmate deaths and no staff deaths, while 452 inmates have recovered and 23 staff have recovered. Additionally, at the FCI Jesup - Low, 143 staff have been fully inoculated and 1,058 inmates have been fully inoculated.

Defendant admits he is fully vaccinated against COVID-19 as he has received two doses of the Moderna vaccine. *Id.* at 4. The Centers for Disease Control and Prevention (CDC) have evaluated the Delta variant of COVID-19 and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, *Benefits of Getting a* COVID-19 *Vaccine,* www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

The vaccine addresses Defendant's concerns about contracting COVID-19 and his purported risk of severe illness should he contract the virus. Because Defendant's vaccination significantly mitigates the risk of contracting COVID-19, Defendant cannot establish an "extraordinary and compelling" reason for compassionate release based on his concerns about contracting the virus. As such, Defendant's motion will be denied.

Defendant also argues he needs to be released because the mother of his children is hospitalized with COVID and he needs to care for the children. *Id.* at 3. According to the Presentence Report, the children live in Lenoir, NC with their mother. (Doc. No. 24, ¶ 68). However, there appear to be a number of relatives that can look after the children as Defendant's mother lives in Lenoir, NC, his stepfather lives in Granite Falls, NC and his siblings live in Caldwell County, NC and maintain a good relationship with the Defendant. *Id.* at ¶¶ 66-67.

Defendant requests appointment of counsel to assist him with his compassionate release motion. There is no general constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). The Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require. *See United States v. Legree*, 205

F.3d 724, 730 (4th Cir. 2000); *see also United States v. Ree*d, 482 F. App'x 785, 786 (4th Cir. 2012); cf. 18 U.S.C. § 3006A (providing the interests of justice standard for appointment of counsel in similar post-conviction proceedings).

Defendant is seeking compassionate release due to risks associated with the COVID-19 pandemic that allegedly place him at greater risk of complications if he contracts the virus. Defendant, however, is capable of requesting compassionate release on this basis without the assistance of counsel, and Defendant has not otherwise established that the interests of justice require appointment of counsel in these circumstances at this time. The Court finds that the interests of justice do not require appointment of counsel to assist Defendant at this time.

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 33), is **DENIED**.

**SO ORDERED.**

Signed: November 18, 2021

Kenneth D. Bell
United States District Judge